UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
(JACKSON DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* <br> CODY M. CHILDRESS, <br><br> Relator, <br> v. <br><br> SOUTHERNCARE, INC. <br><br> Defendant. | Civil Action No. 3:10-cv-00662-TSL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(5)**

COMES NOW Plaintiff, by and through counsel, and submits this memorandum of law in support of his response to Defendant's Motion to Dismiss. Doc. 27.

**STATEMENT OF FACTS**

On August 27, 2010, Plaintiff-Relator Cody Childress filed a False Claims Act action on behalf of himself and the United States of America in the Northern District of Alabama. Doc. 1. Pursuant to 31 U.S.C. § 3730(b), Plaintiff filed the action under seal and served the United States Attorney General with a copy of the Complaint. Plaintiff alleges that Defendant continued to submit false claims after it settled a prior False Claims Act case with the United States and entered into a corporate integrity agreement wherein Defendant promised to stop such behavior and implement policies and procedures to prevent it. Doc. 1.

Plaintiff's complaint alleges that Defendant's actions from 2009 forward violate the False Claims Act as well as the corporate integrity agreement that Defendant entered into with the United States. Plaintiff's complaint details specific patient examples with personal identifying information redacted. Doc. 1, ¶¶ 17-26. The False Claims Act has a six-year statue of limitations. 31 U.S.C. § 3731(b)(1). The retaliation provisions have a three year limitations period and the retaliatory conduct alleged began in 2010. 31 U.S.C. § 3730 (h)(3). Therefore, all claims stated by plaintiff are within the applicable limitations periods which would not run until 2015 and 2013 respectively. While the case was under seal, it was transferred from the Northern District of Alabama to the S.D. of Mississippi. Doc. 1. The United States filed its notice that it was declining to intervene at this time on January 4, 2012. Doc. 25 (sealed). The Court entered an order on January 6, 2012 unsealing the complaint and directing that the complaint be served. Doc. 26. The Court also gave the United States, who remains a party in interest to the case, certain rights to receive pleadings, notices of depositions and to not have the matter dismissed unless the court solicits its written consent before ruling on a motion to dismiss. Doc. 26, ¶ 7. The United States still has the right to receive the lion's share of any monies recovered by the Plaintiff under the False Claims Act. *See* 31 U.S.C. § 3730(d)(2) (entitling the United States to between 70-75% of recovered monies in a non-intervened False Claims Act case). The United States also has the right to intervene at a later date. 31 U.S.C. § 3730 (c) (3).

## PLAINTIFF'S FIRST SERVICE OF THE COMPLAINT

Plaintiff served the Defendant with a copy of the Complaint within the 120 days allowed by Federal Rule of Civil Procedure 4(m) by delivering the Complaint to the Defendant's Headquarters in Birmingham, Alabama on May 4, 2012. Doc. 27- exhibit 1. Plaintiff admits that the Complaint was served without a summons and explains the circumstances that lead to that deficiency. Plaintiff's counsel was out of town at his daughter's State track meet. *See* Declaration of Don McKenna attached as exhibit 1 to Doc. 31. Plaintiff's counsel's legal assistant of fifteen years contacted Plaintiff's counsel and inquired as to whether he wanted to serve the defendant, because the 120-day time limit was nearing. *Id.* Plaintiff's counsel stated yes, please go ahead and serve the defendant. *Id.* Plaintiff's counsel and his assistant have served hundreds of complaints in state and Federal courts while working together for fifteen years. *Id.* Service has always included a Summons and Complaint. *Id.* and declaration of Lynne Reed attached as Exhibit 2 to Doc. 31. However, in this instance, the summons was not included. *Id.* Plaintiff's counsel learned of an issue with the summons when contacted by counsel for Defendant – Rebekah Plowman. Doc. 31, Ex. 1. Attorney Plowman received a copy of the complaint from the Defendant. *Id.* Plaintiff's counsel spoke with Ms. Plowman by phone, but the focus of the conversation was on her not being able to find the case on pacer, because it had a Northern District of Alabama style having originally been filed in the Northern District of Alabama where the case had not been unsealed. *Id.* Plaintiff's counsel

recalls explaining to attorney Plowman that the case had been transferred to the Southern District of Mississippi and promising to talk further when he was back in his office. *Id.* Because plaintiff's counsel was driving during that conversation, he has no notes of the conversation and is relying on recollection. *Id.* Plaintiff's counsel and defendant's counsel traded several phone messages over the next week or so and then defendant filed the instant motion. *Id.*

## PLAINTIFF'S CORRECTED SERVICE

Subsequent to learning about the lack of a summons accompanying the complaint, Plaintiff requested a summons be issued by the Clerk for the Southern District of Mississippi, Jackson Division. Doc. 29. Said summons was issued and served with a copy of the Complaint on Southerncare, Inc.'s registered agent for service of process in Mississippi – Corporation Service Company. Proof of service was filed with the Court on May 30, 2012. Doc. 30.

## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 4(c) states that a summons must be served with a copy of the complaint within the time allowed by Rule 4(m).[1] Rule 4(m) allows 120 days for service. Rule 4(m) further provides that if the Defendant is not served within 120 days, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action *without prejudice* against that defendant **or** order that service be made within a specified time." (emphasis

---

[1] Plaintiff notes that despite the statement of the Rule, the Southern District of Mississippi noted in a 2007 order that neither the parties, nor the court could find a case that prohibited the summons and complaint from being served at separate times. *Zabner-Willis v. Gladden* 2007 WL 184663 at * 3. (S.D. Miss. 2007)

4

supplied) The court has wide discretion in applying Rule 4. "The court may grant an extension of time, in its discretion, whether or not good cause is shown the by the plaintiffs." *Arnold v. Brookway Corp.* 2010 W.L 1904865 at * 2 (S.D. Miss. 2010) citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Amendments to service are liberally allowed as courts should not deny a plaintiff his day in court due to technical imperfections in service. *Douglass v. Fletcher Allen Health Care, Inc.* 2005 WL 1114357 at *1 (D. Vt. 2005) citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985). "A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process. Wright and Miller, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 1088 (2012 On-line Supplement); *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). A plaintiff that serves a complaint without a copy of the summons, can cure the defect by re-serving the defendant with a copy of the summons and complaint. *Myers v. John Deere Ltd.*, 683 F.2d 270, 272 (8th Cir. 1982); *General Battery Corp. v. TSS-Seedman's Inc.*, 609 F.Supp. 488, 489 (E.D. Pa. 1985); *Market Development Corp. v. Flame-Glo, LTD.*, 1989 WL 32760 (E.D. Pa. 1989).

If service of process is insufficient, but a reasonable prospect exists that the plaintiff can serve the defendant properly, the court should not dismiss the action, but quash the service and retain the action. *Zaber-Willis v. Gladden* 2007 WL 184663 at *3 (S.D. Miss. 2007) citing, Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1354; *Orbis Marine Enterprises, Inc. v. TEC Marine*

*Lines, LTD.,* 692 F.Supp. 280, 287 (S.D.N.Y. 1988); *Securities and Exchange Commission v. American Land Co.,* 1987 WL 19930 at * 5 (D.D.C. 1987); *Chronister v. Sam Tanksley Trucking, Inc.,* 569 F.Supp. 464, 470 (N.D. Ill 1983). This same procedure of extending time for service has been held appropriate even when the time limit for service has been exceeded without good cause, but when the defendants may still be served within the applicable limitations period. *Zola v. Gordon* 685 F. Supp. 354, 377 (D.C.N.Y. 1988)

## THE COURT SHOULD EXERCISE IT'S DISCRETION UNDER RULE 4(m) TO EXTEND THE TIME TO PERFECT SERVICE

Federal Rule of Procedure 4(m) gives the Court three options when exercising its wide discretion. If the Court finds "excusable neglect" for the service defect, the court *must* extend the time for service for an appropriate period. Regardless of whether the court finds excusable neglect, the court *may* enter an order extending the 120 days and order service be made within a specified time. Lastly, the court may dismiss the case without prejudice.

Plaintiff's counsel set forth the facts above that lead to the Complaint being served without a summons, not to make a strong argument for excusable neglect, but rather to humbly explain the honest life circumstances to this Honorable Court and ask the Court to exercise its discretion to extend the time for service, because service can and has been made on the defendant without prejudice to the defendant. No ill intent or gamesmanship was intended by the manner of service and the deficiency has been promptly corrected as allowed by the case law set forth above.

Plaintiff asserts that extending the time for service is the option that best comports with the mandate of Federal Rule of Civil Procedure 1 that the Rules be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." The alternative of dismissing the action without prejudice would not end the case for the defendant, because the statute of limitations has not run on the plaintiff's claims. Plaintiff would be required to re-file the case. Under the procedures for False Claims Act cases set forth in 31 U.S.C. § 3730, the re-filed case would arguably have to be filed under seal. The United States would have to re-investigate the claim and again decide on intervention. At that point, the re-filed case would be unsealed and served and the parties would be right back where they are now. The only difference will be that time will have passed and additional unnecessary resources expended.

Therefore, the Plaintiff humbly and respectfully asks the Court to consider the totality of the circumstances and exercise its broad discretion to extend the time for the Plaintiff to serve Defendant. Plaintiff requests that the Court either deem the amended second service to be sufficient service or that the Court order a date by when Plaintiff must re-serve the Defendant.

## ALTERNATIVELY, PLAINTIFF REQUESTS THAT THE COURT QUASH THE SERVICE AND ORDER SERVICE TO BE PERFECTED WITHIN A SPECIFIED TIME

As set forth above, when a reasonable prospect exists that the Defendant can be served properly within the applicable limitations period, courts should not dismiss the action, but rather quash the service, retain the action and order re-

service. *See Supra p.* 5-6. This has been held to be the case even when the time limit has been exceeded without good cause. *Zola*, 685 F.Supp at 377.

As explained above, the limitations period on Plaintiff's causes of action will not run until 2015. Therefore, dismissal will only cause delay. As an alternative to extending the time for service or deeming Plaintiff's re-service sufficient, this court can exercise its discretion to quash the first attempt at service or the first attempt and second service and re-order service by a specified date. This option would also prevent the unnecessary delay and expense that a dismissal without prejudice would cause. Therefore, if this Honorable Court, in its wide and wise discretion, does not see fit to deem the second service sufficient, Plaintiff respectfully requests that this Court exercise its discretion to quash prior service and order re-service by a specified date or within a specified number of days.

## ANY DISMISSAL SHOULD BE WITHOUT PREJUDICE WITH LEAVE TO RE-FILE. HOWEVER, DISMISSAL WITHOUT PREJUDICE WOULD NOT ACHIEVE A JUST, SPEEDY AND INEXPENSIVE DETERMINATION OF THE ACTION

Should the Court, in its discretion, decide to dismiss the action, Plaintiff requests that such dismissal be without prejudice and leave to re-file. FRCP 4(m)(dismissal under the rule is without prejudice). Plaintiff is aware of the *Adams v. Columbus Lumber Co.* case wherein this Court dismissed a case for failure to perfect service within the 120-day time period set forth in Rule 4(m). 2011 WL 189905 (S.D. Miss. 2011, J. Lee). However, that case is factually distinct from the instant case. In *Adams*, the Plaintiffs failed to even respond to

the Defendants' Motion to Dismiss. *Id. at \*1.* Thus, none of the foregoing facts, legal authorities or arguments were presented for this Court to consider. Further, in *Adams* this Court expressly recognized that "even if good cause is lacking, the court has discretionary power to extend time for service." *Id.* Finally, this Court expressly stated that "under Rule 4(m), the district court is permitted to dismiss a case **without prejudice** if a defendant has not been served within 120 days." *Id.* (emphasis added)

Plaintiff believes the foregoing arguments explain why dismissal without prejudice is not the optimal exercise of discretion in this case. However, Plaintiff recognizes that the Court does have the discretion to do so and requests that if the Court is inclined to dismiss, that the dismissal be without prejudice with leave to re-file.

Respectfully Submitted this the 4th Day of June, 2012.

/s Don McKenna
Don McKenna (ASB-6494-C66D)
Attorney for Plaintiff Cody Childress

OF COUNSEL:

Hare, Wynn, Newell & Newton, LLP
2025 3rd Avenue North
Suite 800
Birmingham, AL 35203
Ph: 205-328-5330
Fax: 205-324-2165

Michael S. MacInnis
Rawlings & MacInnis, P.A.
1296 Hwy 51 North
Madison, MS 39910
Ph: 601-898-1180

Fax: 601-969-1041

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# (JACKSON DIVISION)

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* CODY M. CHILDRESS,<br><br>       Relator,<br>v.<br><br>SOUTHERNCARE, INC.<br><br>       Defendant. | Civil Action No. 3:10-cv-00662-TSL |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, a copy of the foregoing Plaintiff/Relator Cody M. Childress's Memorandum of Law in Support of Plaintiff's Response to Defendant SouthernCare, Inc.'s Motion to Dismiss Relator's Complaint Under Federal Rule of Civil Procedure 12(b)(5) was filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Stuart B. Harmon
Andrew J. Stubbs
Heidelberg Harmon PLLC
795 Woodlands Parkway
Suite 220
Ridgeland, MS 39157
Phone: (601) 351-3331
Fax: (601) 956-2090

Rebekah N. Plowman
Kristen Pollock McDonald
R. Ross Burris, III
Nelson Mullins Riley & Scarborough LLP
Atlantic Station

11

201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Phone: (404) 322-6000
Fax: (404) 322-6050

Michael S. MacInnis
Rawlings & MacInnis, P.A.
P. O. Box 1789
Madison, MS 39130
tamreeves@bellsouth.net

Alfred B. Jernigan, Jr.
Edward O. Pearson
U.S. Attorney's Office
501 East court Street
Suite 4.430
Jackson, MS 39201
al.jernigan@usdoj.gov
eddie.pearson@usdoj.gov

       /s Don McKenna
       Don McKenna (ASB-6494-C66D)